UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENT BLAGG as personal representative ) <br> for the Estate of Amy Blagg, BRENT BLAGG ) <br> as guardian and next friend of K.B. and ) <br> personal representative for the Estate of K.B., ) <br> BRENT BLAGG as guardian and next ) <br> friend of T.B., ) <br> ) <br>           **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> JERRY LINE, an individual and as ) <br> principal/employer, CHARLIE DAVIS ) <br> STRONG, JR., an individual and ) <br> agent/employee, WP OIL AND GAS, LLP, ) <br> as Principal/Employer, L&L WELL ) <br> SERVICE, LLC, as Principal/Employer, ) <br> NAGASCO PIPELINE LOGISTICS, LLC, ) <br> as Principal/Employer, and BLINKCO, INC., ) <br> as Principal/Employer, ) <br> ) <br>           **Defendants.** ) | Case No. 09-CV-0703-CVE-FHM |

## OPINION AND ORDER

Now before the Court is Defendant Jerry Line's Motion to Dismiss Plaintiff's [Third] Amended Complaint with Additional Count and Brief in Support (Dkt. # 77). Defendant Jerry Line argues that plaintiff filed a third amended complaint without leave of court and added a new claim that is not recognized under Oklahoma or Kansas law. Dkt. # 77, at 3-4. Plaintiff responds that Oklahoma law permits a claim for negligent supervision or retention against an employer, and the third amended complaint was "timely." Dkt. # 82, at 2.

Plaintiff alleges that Charlie Davis Strong, Jr. and Brent Alan Radke caused a fatal traffic accident on May 9, 2009 and fled the scene of the accident. Dkt. # 1, at 2-3. Plaintiff also alleges

that Jerry Line owned the vehicle involved in the accident and he negligently allowed either Strong or Radke to drive the vehicle while they were intoxicated. Id. at 4. The original complaint asserted that Strong and Radke were negligent, and that Line was liable to plaintiff under the doctrine of respondeat superior and for negligent entrustment. Plaintiff filed an amended complaint (Dkt. # 17) clarifying that he was not asserting claims in his individual capacity against defendants. Plaintiff later dismissed without prejudice his claims against Radke. Dkt. # 23. He sought and obtained leave from the Court to file a second amended complaint (Dkt. # 41) adding four companies owned by Line as defendants, because plaintiff had learned that Strong may have been an employee of one of these companies at the time of the accident. See Dkt. # 35.

Strong filed a motion to stay discovery in this and other cases consolidated with this case for the purpose of discovery, because the discovery obtained in these civil cases could be used against him in a pending criminal case. Dkt. # 63, at 3. The motion was referred to a magistrate judge, and the magistrate judge granted the motion to stay discovery until the criminal case against Strong was completed. Dkt. # 70. Approximately one month after discovery was stayed, plaintiff filed a third amended complaint adding a claim of "Negligent Providing of Liquor" against Line. Dkt. # 72, at 5. However, plaintiff did not seek leave to amend from the Court and defendants did not consent in writing to the amendment.

Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir.

2

2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206.

Line argues that plaintiff did not seek leave from the Court to file a third amended complaint and, in any event, the additional claim asserted in the third amended complaint is not recognized under Oklahoma or Kansas law. Dkt. # 77, at 2-4. Plaintiff argues that the claim of negligent supervision and hiring is recognized under Oklahoma law, but he does not respond to Line's argument regarding the new claim alleged and that he filed a third amended complaint requesting without permission from the Court. The Court finds that plaintiff's third amended complaint (Dkt. # 72) should be stricken for lack of compliance with the procedural requirements of Rule 15, because plaintiff did not request leave from the Court or seek defendant's written consent before filing his third amended complaint. Plaintiff offers no explanation for his failure to comply with Rule 15 and the Court declines to consider whether plaintiff has stated a claim for "Negligent Provision of Liquor" against Line. The Court notes that the deadline to file motions to add parties or amend pleadings expired on February 22, 2011, and any party seeking leave to file an amended pleading should have sought an extension of time to file such motions before that date.

**IT IS THEREFORE ORDERED** that Defendant Jerry Line's Motion to Dismiss Plaintiff's [Third] Amended Complaint with Additional Count and Brief in Support (Dkt. # 77) is **granted**, and plaintiff's third amended complaint (Dkt. # 72) is **stricken**.

**DATED** this 13th day of April, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT