UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENT BLAGG as personal representative for the Estate of Amy Blagg, BRENT BLAGG as guardian and next friend of K.B. and personal representative for the Estate of K.B., BRENT BLAGG as guardian and next friend of T.B., ) ) ) ) ) ) ) Plaintiff, ) ) v. ) ) JERRY LINE, an individual and as ) principal/employer, CHARLIE DAVIS ) STRONG, JR., an individual and ) agent/employee, WP OIL AND GAS, LLP, ) as Principal/Employer, L&L WELL ) SERVICE, LLC, as Principal/Employer, ) NAGASCO PIPELINE LOGISTICS, LLC, ) as Principal/Employer, and BLINKCO, INC., ) as Principal/Employer, ) ) Defendants. ) | Case No. 09-CV-0703-CVE-FHM |

## OPINION AND ORDER

Now before the Court is Defendant WP Oil & Gas, LLC's Motion to Dismiss Defendants for Non-Joinder (Dkt. # 100) and Plaintiff's Blagg's Motion to Extend Scheduling Order Dates (Dkt. # 105). Defendants L&L Well Service, LLC (L&L), Nagasco Pipeline Logistics, LLC (Nagasco), and Blinkco, Inc. (Blinkco) have not been served and seek dismissal of plaintiff's claims against them under Fed. R. Civ. P. 4(m). Dkt. # 100. Plaintiff has not responded to the motion to dismiss. However, plaintiff has filed a motion requesting an extension of the deadline to amend pleadings or add parties, because he may seek leave to add Petron Energy Inc. (Petron) as a party if additional discovery shows that defendant Charlie Davis Strong, Jr. was employed by Petron. Dkt. # 105.

Plaintiff Brent Blagg filed this case on behalf of himself, his deceased wife Amy Blagg, and his minor child T.B., as a result of an automobile accident that occurred on May 9, 2009. Dkt. # 1, at 2. He originally named Jerry Line, Charlie Davis Strong, Jr., and Brent Alan Radke as defendants. Plaintiff filed an amended complaint clarifying that he was not a passenger in the vehicle when the automobile accident occurred and he was not pursuing any claims in his individual capacity. Dkt. # 17. Plaintiff conducted discovery and requested leave to file a second amended complaint adding WP Oil and Gas, LLP (WP), L&L, Nagasco, and Blinkco as parties. Dkt. # 35. Over defendants' opposition, the Court granted plaintiff's motion to amend. Dkt. # 39. On September 27, 2010, plaintiff filed a second amended complaint (Dkt. # 41) adding the additional defendants. Plaintiff served WP on October 27, 2010, but plaintiff did not serve L&L, Nagasco, and Blinkco. See Dkt. # 49.

Plaintiff conducted additional discovery and, on December 13, 2010, Strong produced a copy of a check issued to him on May 8, 2009 by Petron. Dkt. # 108-1 (Defendant Jerry Line's supplemental discovery responses including a copy of the May 8, 2009 check issued to Strong by Petron). On February 22, 2011, plaintiff filed a third amended complaint adding a claim against Line for his alleged negligence in providing alcohol to Strong and Radke on May 9, 2009. Dkt. # 72, at 5. The deadline to file motions to add parties or amend pleadings was February 22, 2011, but plaintiff filed his third amended complaint without prior authorization from the Court. The Court struck plaintiff's third amended complaint due to his failure to comply with the requirements of Fed. R. Civ. P. 15. Dkt. # 96. A new attorney, William Widell, entered an appearance (Dkt. # 101) for plaintiff on June 22, 2011, and plaintiff filed a motion to extend the deadline to add parties or amend pleadings.

The Federal Rules of Civil Procedure require a plaintiff to serve each defendant within 120 days of filing the complaint, or the Court must dismiss the plaintiff's claim against any defendant who has not been served or permit the plaintiff to serve the defendant within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff can show "good cause" for failing to serve the defendant within 120 days, the court shall allow the plaintiff additional time to effect service. The Tenth Circuit has created a two-step analysis to assist district courts when considering whether to grant a plaintiff's request for additional time:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Excuses for failing to serve a party, such as inadvertence, omission, or neglect, do not constitute good cause. In re Kirkland, 86 F.3d 172, 175 (10th Cir. 1996); Cox v. Sandia Corp., 941 F.2d 1124, 1125-26 (10th Cir. 1991). A court must consider a plaintiff's argument as to the existence of good cause and make specific findings on those arguments or the court's decision to deny additional time to effect service is "merely abuse of discretion and inconsistent with the spirit of the Federal Rules." ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1459 (10th Cir. 1995).

Plaintiff filed his second amended complaint adding L&L, Nagasco, and Blinkco as parties on September 27, 2010, but he has not served any of these defendants. When defendants filed a motion to dismiss for lack of service on June 1, 2011, it had been 247 days since plaintiff filed his second amended complaint and plaintiff's time to serve L&L, Nagasco, and Blinkco had expired.

In fact, plaintiff's deadline to serve these defendants was January 25, 2011. Plaintiff has not responded to the motion to dismiss and has made no attempt to show that he had good cause for failing to serve L&L, Nagasco, or Blinkco. Thus, L&L, Nagasco, and Blinkco should be dismissed as parties due to plaintiff's failure to serve them.

Plaintiff requests an extension of the deadline to add parties or amend pleadings, because he may seek leave to file an amended complaint adding Petron as a party if further discovery shows that Strong was serving as an employee of Petron when the automobile accident occurred. Plaintiff argues that his attorney's failure to file this motion before the applicable deadline expired should be considered excusable neglect under the standard announced in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993). It is unnecessary to consider whether plaintiff's neglect is excusable, because plaintiff has not presented an adequate basis to grant his request for an extension of time, even if the Court were to find his motion timely. Plaintiff admits that he currently does not possess sufficient evidence to justify the filing a third amended complaint naming Petron as a party, and there is no need to grant plaintiff an extension of the deadline to add parties or amend pleadings. See Dkt. # 111, at 4 ("Counsel for Plaintiff Blagg has made an effort to make the Court aware that at this time, he is unable to provide sufficient nexus between Petron and Strong sufficient to join Petron as a party."). The applicable deadline expired on February 22, 2011, and the Court will not grant plaintiff additional time to file a motion to amend pleadings based only on the possibility that he may request leave to file a third amended complaint. Should plaintiff come into possession of evidence that Strong was acting within the scope of his employment for Petron on May 9, 2009, plaintiff may renew his request to file an amended pleading at that time.

**IT IS THEREFORE ORDERED** that Defendant WP Oil & Gas, LLC's Motion to Dismiss Defendants for Non-Joinder (Dkt. # 100) is **granted**, and defendants L & L Well Service, LLC, Nagasco Pipeline Logistics, LLC, and Blinkco, Inc. are terminated as parties.

**IT IS THEREFORE ORDERED** that Plaintiff's Blagg's Motion to Extend Scheduling Order Dates (Dkt. # 105) is **denied**.

**DATED** this 16th day of August, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT