# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENT BLAGG as personal representative for the Estate of Amy Blagg, BRENT BLAGG as guardian and next friend of K.B. and personal representative for the Estate of K.B., BRENT BLAGG as guardian and next friend of T.B., | ) ) ) ) ) ) ) |
| Plaintiffs, | ) Case No. 09-CV-0703-CVE-FHM ) BASE FILE |
| and | ) ) Consolidated with: |
| ANNA MARIE HOBBS, as surviving spouse and personal representative of the Estate of Alfred Eugene Hobbs; ANNA MARIE HOBBS, in her individual capacity; and HAROLD TEDFORD, | ) Case No. 09-CV-0708-CVE-FHM ) (consolidated with 11-CV-0271-CVE-FHM) ) and ) Case No. 10-CV-0502-CVE-FHM ) ) ) ) |
| Consolidated Plaintiffs. | ) |
| v. | ) ) |
| JERRY LINE, an individual and as principal/employer, and CHARLIE DAVIS STRONG, JR., an individual and agent/employee, WP OIL AND GAS, LLP, as principal/employer, and PETRON ENERGY, INC., as principal/employer, | ) ) ) ) ) ) ) ) |
| Defendants / Consolidated Defendants. | ) ) ) |

## OPINION AND ORDER

Now before the Court are the following motions: Brent Blagg's Application to Add Negligent Hiring/Supervision and General Negligence Count against Defendant Petron Energy, Inc. (Dkt. # 164); Plaintiff Anna Marie Hobbs' Motion to Amend Complaint (Dkt. # 58 in Case No. 09-CV-708-CVE-FHM); Defendant Jerry Line's Motion for Clarification and/or Reconsideration and Brief in Support (Dkt. ## 174, 176); and Plaintiff Anna Marie Hobb's Motion to Amend Complaint

(Dkt. # 175).[1] Plaintiffs Brent Blagg and Anna Marie Hobbs request leave to file amended pleadings asserting additional claims against Petron Energy, Inc. (Petron) and possibly other defendants. Dkt. # 164; Dkt. # 58 in Case No. 09-CV-708-CVE-FHM. Hobbs also requests leave to file an amended complaint combining her claims from Case Nos. 09-CV-708-CVE-FHM and 11-CV-271-CVE-FHM, to correct the name of one defendant that was misidentified in one of her complaints, and to clarify the scope of her claims. Dkt. # 175. Defendant Jerry Line requests clarification of the Court's January 13, 2012 order (Dkt. # 169) outlining the status of the consolidated cases, because Line believes that the order does not accurately reflect the status of Hobbs' claims.[2] Dkt. # 174.

A multi-vehicle automobile accident occurred in Nowata County, Oklahoma on May 9, 2009, and three lawsuits were filed in this Court following the accident. The cases were consolidated for discovery. One of the plaintiffs, Hobbs, filed a second lawsuit, 11-CV-271-CVE-FHM, alleging additional claims against the existing defendants and adding WP and Petron as defendants. Following the completion of consolidated discovery, the Court held a status conference. At the status conference, counsel for all plaintiffs stated that they believed the cases should be consolidated for trial, and the Court set a briefing schedule on this issue. Each plaintiff filed a motion to consolidate the cases for trial. Dkt. ## 124, 134, 139. Defendants agreed to consolidation of the cases for trial as to liability, but they asked the Court to bifurcate liability and damages and to

---

[1] Unless otherwise noted, all references to docket numbers refer to filings in case no. 09-CV-703-CVE-FHM.

[2] Defendants Petron and WP Oil and Gas, LLP (WP) also filed a notice asking the Court to treat their motion for summary judgment filed in Case No. 11-CV-271-CVE-FHM as if it were also filed in Case No. 09-CV-708-CVE-FHM. Dkt. # 171. Petron and WP were not named as defendants in the complaint in Case No. 09-CV-708-CVE-FHM and there is no need to list the motion for summary judgment (Dkt. # 38, Case No. 11-CV-271-CVE-FHM) as a pending motion in any other case.

2

require each plaintiff to try his or her case separately on the issue of damages. Dkt. ## 146, 147. The Court consolidated the cases for trial without bifurcating the trial or requiring separate trials on damages. Dkt. # 168. The Court entered a separate order to clarify the status of each case and more clearly identify the claims pending against each defendant. Dkt. # 169. The Court stated that "[t]o the extent the parties' pleadings are unclear, it would be helpful if they would confer and, if necessary, agree to the filing of an amended pleading to clarify what claims are being asserted against each defendant . . . ." Id. at 5. Line has filed a motion for clarification of certain issues concerning the status of Hobbs' cases, but the motion does not request clarification of the status of any other plaintiff's claims. Dkt. # 174.

Plaintiffs Blagg and Hobbs request leave to file amended complaints asserting new claims against Petron and possibly other defendants as well. Blagg's motion is styled as a motion to add claims of negligence and negligent hiring against Petron. However, in the body of the motion, Blagg requests leave to assert additional claims against WP and Line as well. Dkt. # 164, at 8, 13. Blagg argues that he took the deposition of Petron's corporate representative after filing his fourth amended complaint (Dkt. # 122), and that this deposition alerted him that he may have additional claims against defendants. However, much of the evidence he relies on to support his motion to amend was available before he filed his fourth amended complaint. See Id. at 3-7. Hobbs has adopted Blagg's motion, and she also requests leave to file an amended complaint to combine her claims from both of her cases into a single pleading and to clarify her existing claims. Dkt. # 175; Dkt. # 58 in Case No. 09-CV-708-CVE-FHM. Defendants object to the motions to amend to add new claims, and argue that the motions are untimely and futile. Dkt. # 167; Dkt. # 59 in Case No. 09-CV-708-CVE-FHM.

3

Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206. A motion to amend is subject to denial when the "party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint . . . ." Frank v. U.S. West, Inc., 3 F.3d 1357, 1366 (10th Cir. 1993) (quoting Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990)).

The Court finds that the pending motions to amend should be denied to the extent that Blagg and Hobbs seek leave to add new claims against defendants. The motions nominally seek to add claims against Petron only, but a review of the motions clearly shows that Blagg and Hobbs are actually asking leave to assert new claims against Line, Petron, and WP. Blagg has already been given a chance to amend his complaint to assert claims against Petron and WP, and he was given the opportunity to conduct additional discovery in support of those claims. Dkt. ## 119, 122. The Court declines to give Blagg a second chance to assert additional claims against Petron or WP. The factual basis for these motions to amend existed long before plaintiffs took the deposition of Petron's

corporate representative, and their cases have pending for over two years. Hobbs simply adopts Blagg's motion to amend and she provides no explanation as to why she failed to request leave to amend in a more timely manner. Discovery has been completed and it is likely that defendants will be prejudiced if Blagg and Hobbs are permitted to assert new claims at this stage of the proceedings.[3] Blagg's and Hobbs' motions to amend to add new claims against defendants are untimely, and they have not stated an adequate explanation for the delay in filing their motions.

However, the Court finds that the docket sheet and the most recent pleadings filed by Hobbs do not accurately reflect the status of her case(s), and it is necessary to clarify what claims each Hobbs is asserting against each defendant. The Court has reviewed defendant's motion to clarify or for reconsideration, and finds that it would be unnecessarily complicated to clarify the Court's January 13, 2012 order (Dkt. # 169) in the manner requested by defendant. In fact, this would likely result in greater confusion. The Court's order was also not a substitute for the pleadings in any of the consolidated cases, and filing a revised order would not actually clarify Hobbs' claims or correct any errors in her pleadings. Instead, the Court will authorize Hobbs to file one amended pleading clarifying the <u>existing</u> claims being asserted against each defendant. The amended complaint should include all claims from Case Nos. 09-CV-708-CVE-FHM and 11-CV-271-CVE-FHM. Hobbs should not consider this an authorization to add new claims or allege additional claims against any

---

[3] The Court will not reach defendants' argument that plaintiffs' proposed claims would be futile. It is unnecessary to consider this issue in light of the Court's finding that Blagg and Hobbs unreasonably delayed when seeking leave to amend.

5

defendant, and any claims that were not already alleged in her original complaints will be stricken.[4] As stated in the Court's January 13, 2012 order, Hobbs' amended complaint should clearly identify each of her claims as separate counts. Dkt. # 169, at 4 n.5; see also Fed. R. Civ. P. 10. Defendants should file an answer or other responsive pleading as authorized by Fed. R. Civ. P. 12(a) and (b).[5] **As stated in the Court's January 13, 2012 order, the Court's order was merely an attempt to clarify the status of the consolidated cases, and it is unnecessary for any party to request further clarification of that order. The Court's order was not a substitute for the actual pleadings and the parties are to confer among themselves to resolve any discrepancies between the Court's order and their understanding of the status of any plaintiff's claims.**

**IT IS THEREFORE ORDERED** that Brent Blagg's Application to Add Negligent Hiring/Supervision and General Negligence Count against Defendant Petron Energy, Inc. (Dkt. # 164) and Defendant Jerry Line's Motion for Clarification and/or Reconsideration and Brief in Support (Dkt. ## 174, 176) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff Anna Marie Hobbs' Motion to Amend Complaint (Dkt. # 58 in Case No. 09-CV-708-CVE-FHM) is **denied**. Plaintiff Anna Marie Hobbs' Motion to Amend Complaint (Dkt. # 175) is **granted in part** and **denied in part**: Hobbs is

---

[4] Hobbs may not attempt to assert claims that were included in her stricken amended complaint (Dkt. # 32 in Case No. 11-CV-271-CVE-FHM), but must rely only her original complaints in Case Nos. 09-CV-708-CVE-FHM and 11-CV-271-CVE-FHM to determine the scope of her claims.

[5] To the extent that defendants object to the Court's decision to moot their motions to dismiss, they may file motions to dismiss Hobbs' amended complaint and there is no reason to reinstate their mooted motions to dismiss. Dkt. # 174, at 4. If defendants believe that it is necessary to file a motion to dismiss after reviewing Hobbs' amended complaint, defendants should not file a motion to dismiss that repeats arguments contained in the pending motions for summary judgment.

authorized to file an amended complaint to combine her existing claims from Case Nos. 09-CV-708-CVE-FHM and 11-CV-271-CVE-FHM, to correct the name of WP, to delete her allegations of fraudulent transfer, and to identify each claim using separate counts; however, Hobbs is not authorized to add new claims as requested in Dkt. # 58, Case No. 09-CV-708-CVE-FHM. **Hobbs' consolidated amended complaint is due no later than January 25, 2012, and defendants' time to file an answer or other responsive pleading is shortened to February 1, 2012.**

**IT IS FURTHER ORDERED** that Hobbs' consolidated amended complaint will not add any new claims. Discovery is completed, and all parties had an opportunity to file motions for summary judgment after the discovery cutoff. No additional summary judgment motions are permitted. See LCvR 56.1 (a party may file only one motion for summary judgment without authorization from the Court).

**DATED** this 20th day of January, 2012.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT