# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Brent Blagg as Personal Representative for the Estate of Amy Blagg; Brent Blagg as guardian and next friend of K.B. and Personal Representative for the Estate of K.B.; Brent Blagg as guardian and next friend of T.B.; and Brent Blagg, individually, | |
| | Case No. 09-CV-703-CVE-FHM |
| | <u>BASE FILE</u> |
| Plaintiffs, | |
| vs. | Consolidated with: |
| | Case No. 09-CV-0708-CVE-FHM |
| Jerry Line, an individual and as Principal/Employer; Charlie Davis Strong, Jr., an individual and Agent/Employee; WP Oil and Gas, LLP, as Principal/Employer; and Petron Energy, Inc., as Principal/Employer, | (consolidated with 11-CV-0271-CVE-FHM) |
| | and |
| | Case No. 10-CV-0502-CVE-FHM |
| Defendants. | |

## <u>ANNA MARIE HOBBS'S AMENDED COMPLAINT</u>

### PARTIES, JURISDICTION, AND VENUE

1. The acts that give rise to this cause of action occurred in Nowata County, State of Oklahoma, Northern District of Oklahoma.

2. Anna Marie Hobbs and Alfred Eugene Hobbs were at all pertinent times a married couple, were domiciled in the State of Kansas, and were citizens of the State of Kansas.

3. Defendant Jerry Line is an individual domiciled in and a citizen of the State of Oklahoma.

4. Defendant Charlie Davis Strong, Jr. is an individual domiciled in and a citizen of the State of Oklahoma.

5. Defendant W.P. Oil and Gas, L.L.C., is an Oklahoma limited liability company which is owned or partly owned by Defendant Jerry Line.

6. The registered service agent for W.P. Oil and Gas, L.L.C. is Jerry Line, Sr., Coweta, Oklahoma.

7. Defendant Petron Energy, Inc., is a Texas Corporation.

8. The registered service agent for Petron Energy, Inc., is the Oklahoma Secretary of State.

9. This is a civil action and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

10. Jurisdiction is proper under 28 U.S.C. § 1332.

11. Venue is proper under 28 U.S.C. § 1391.

**GENERAL FACTS FROM WHICH CAUSE OF ACTION ARISES**

12. Plaintiff incorporates by reference the allegations made in each of the other sections of this Amended Complaint.

13. On May 9, 2009, in Nowata County, Oklahoma, on U.S. Highway 169, Defendant Strong, willfully and recklessly drove a black 1955 Chevrolet Bel-Air automobile while intoxicated and caused serious injury to Anna Marie Hobbs and caused the death of Alfred Eugene Hobbs.

14. Alfred Eugene Hobbs was the driver and Anna Marie Hobbs was a passenger of a motor vehicle that was passed by Defendants' motor vehicle in a no-passing zone

and without sufficient clearance.

15. A third, oncoming motor vehicle (driven by K.B.) swerved to avoid Defendants' motor vehicle and consequently struck Plaintiffs' motor vehicle.

16. Defendant Line was the owner of the motor vehicle driven by Defendant Strong at the time of the collision.

17. As a direct result of the reckless and negligent acts of Defendants on May 9, 2009, Alfred Eugene Hobbs was killed and Anna Marie Hobbs was seriously injured.

18. Defendant Jerry Line, on May 9, 2009, owned a fleet of collectible automobiles which he showed at car shows.

19. The 1955 Chevrolet Bel-Air was one of the cars owned by Jerry Line.

20. Defendant Jerry Line's fleet of collectible automobiles, participation in car shows, and entertainment associated with car shows was used to promote the businesses of Defendants Line, W.P. Oil and Gas, L.L.C., and Petron Energy, Inc.

## NEGLIGENCE OF DEFENDANT STRONG

21. Plaintiff incorporates by reference the allegations made in each of the other sections of this Amended Complaint.

22. Defendants owed a duty of care to operate the motor vehicle safely and breached that duty when Defendants recklessly and negligently caused the deaths and injuries of Plaintiff and her decedent.

23. Defendant Strong passed in a no-passing zone, a violation of Oklahoma law.

24. Defendant Strong was driving while intoxicated, a violation of Oklahoma law.

25. Defendant Strong fled the scene of a fatality accident and failed to render aid, a violation of Oklahoma law.

26. As a direct result of the reckless and negligent acts of Defendants on May 9, 2009, Alfred Eugene Hobbs was killed and Anna Marie Hobbs was seriously injured.

**NEGLIGENT ENTRUSTMENT/FAILURE TO MAINTAIN SAFETY EQUIPMENT BY DEFENDANT LINE**

27. Plaintiff incorporates by reference the allegations made in each of the other sections of this Amended Complaint.

28. Defendant Jerry Line had knowledge of the intoxicated state of Defendant Strong and Brent Radke but Line allowed them to transport and operate his black 1955 Chevrolet Bel-Air, nonetheless.

29. Defendant Line knew or reasonably should have known that Defendant Strong was intoxicated.

30. Defendant Line knew or reasonably should have known that Brent Radke was intoxicated.

31. One of the reasons Defendant Line knew or reasonably should have known that Defendant Strong and Brent Radke were intoxicated is that on May 9, 2009, Defendant Line furnished alcohol in sufficient amounts to Defendant Strong and Brent Radke while at the My Place Bar in Cherryvale, Kansas, to cause intoxication.

4

32. Defendant Line fosters a dismissive attitude toward drinking alcohol before driving as he invited the group driving his automobiles on May 9, 2009 for drinks; regularly asks people with convictions for driving under the influence to operate his vehicles; and himself has pled guilty to driving under the influence of alcohol.

33. Defendant Line had knowledge of Defendant Strong's long history with alcoholism and his extensive criminal history of driving under the influence convictions that included prison sentences.

34. Defendant Line was aware that Defendant Strong would drive the 1955 Chevrolet Bel-Air and cause a wreck.

35. It was reasonably foreseeable that entrusting a motor vehicle to persons who were intoxicated would result in injury.

36. Defendant Line had a duty to use ordinary care to avoid negligent entrustment of his automobile.

37. Defendant Line breached that duty by lending and authorizing the driving of his vehicle to Defendants Strong and Brent Radke both of whom he knew or should have known were intoxicated and incompetent to drive safely.

38. Defendant Line had a duty to maintain the equipment of the automobile in question.

39. Defendant Line breached that duty. He knew or should have known that the lights

of the automobile authorized to be driven by Defendant Strong and Brent Radke were not all in working condition, a violation of Oklahoma law.

40. As a direct result of the reckless and negligent acts of Defendants on May 9, 2009, Alfred Eugene Hobbs was killed and Anna Marie Hobbs was seriously injured.

### *RESPONDEAT SUPERIOR* AS TO DEFENDANTS LINE, W.P. OIL AND GAS, L.L.C., AND PETRON ENERGY, INC.

41. Plaintiff incorporates by reference the allegations made in each of the other sections of this Amended Complaint.

42. On May 9, 2009, prior to the fatal collision that injured Anna Marie Hobbs and claimed the life of Alfred Eugene Hobbs, Strong and others who had been hired to drive Line's automobiles were drinking alcohol together in Cherryvale, Kansas.

43. Defendant Strong and Brent Radke were at the time of the incident acting within the scope of employment with Defendants Line, W.P. Oil and Gas, L.L.C., and Petron Energy, Inc.

44. Defendant Strong was paid for his services, directly and indirectly, by Defendants Line, W.P. Oil and Gas, L.L.C., and Petron Energy, Inc.

45. Defendant Line, on behalf of himself and his corporations, had regularly hired Defendant Strong for the purpose of driving automobiles.

### JOINT VENTURE AMONG DEFENDANTS LINE, W.P. OIL AND GAS, L.L.C., AND PETRON ENERGY, INC.

46. Plaintiff incorporates by reference the allegations made in each of the other

sections of this Amended Complaint.

47. Defendants Line, W.P. Oil and Gas, L.L.C., and Petron Energy, Inc. were joint venturers in utilizing Jerry Line's fleet of collectible automobiles, participation in car shows, and entertainment associated with car shows to promote their businesses, and therefore, all stand liable to Plaintiff.

## WRONGFUL DEATH DAMAGES

48. Plaintiff incorporates by reference the allegations made in each of the other sections of this Amended Complaint.

49. Alfred Eugene Hobbs is survived by his spouse and his four children.

50. Plaintiff is entitled to damages in excess of $75,000.00 which include, but are not limited to: Loss of financial support of contributions of money; the grief of the surviving family members; the loss of the love, society, services, companionship, and marriage relationship; the loss of companionship and parental care, training, guidance, or education that would have been forthcoming; the loss of companionship; the destruction of the parent-child relationships; pain and suffering; medical expenses, past and future; burial expenses; interest thereon; and attorney fees and costs associated with this action.

## PUNITIVE DAMAGES

51. Plaintiff incorporates by reference the allegations made in each of the other sections of this Amended Complaint.

52. The Defendants acted with a reckless disregard for the lives and safety of Anna Marie Hobbs, Alfred Eugene Hobbs, and the traveling public, and, therefore, Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays for damages in excess of $75,000.00; an award of punitive damages; attorney fees and costs of this action; and such other and further relief as the Court deems just and equitable.

**NORMAN & EDEM, P.L.L.C.**

By: /s/ L. Mark Bonner
  Emmanuel E. Edem, OBA #2614
  L. Mark Bonner, OBA #14541
  127 N.W. 10th St.
  Oklahoma City, OK 73103
  405-272-0200
  405-272-1055 (fax)
  lmb@nemw.com
  Attorneys for Plaintiff Anna Marie Hobbs

## CERTIFICATE OF SERVICE

I certify that on 23rd day of January, 2012, a true and correct copy of the foregoing was electronically transmitted to the Clerk of the Court of the Northern District of Oklahoma using the ECF system for filing to the following ECF registrants:

Julia D. Allen, OBA #16305
**ALLEN LAW OFFICE**
1748 S. St. Louis Ave.
Tulsa, Oklahoma 74120
(918) 671-5775 (O)

and
William Widell
9407 E. 38th Place
Tulsa, OK 74145
(918) 605-1809
(918) 743-8945 (F)
**ATTORNEYS FOR PLAINTIFF, BRENT BLAGG**

Michael R. Green, OBA #11397
Valerie Sparks, OBA #20113
3739 East 31st Street
Tulsa, Oklahoma 74135
(918) 743-2500 (O)
(918) 749-0068 (F)
**ATTORNEYS FOR PLAINTIFF, HEROLD TEDFORD**

Jed Isbell, OBA #20246
Robert James, OBA #16667
**CONNER &WINTERS**
4000 One Williams Center
Tulsa, Oklahoma 74172
(918) 586-8517 (O)
(918) 586-8617 (F)
Rob.james@cwlaw.com
Jisbell@cwlaw.com
**ATTORNEYS FOR DEFENDANT, JERRY LINE**

George S. Stidham, Esq.
Jack N. Herrold, Esq.
**Sneed, Lang, Herrold, PC**
1 W. 3rd St., Suite 1700
Tulsa, Oklahoma 74103
(918) 588-1313 (O)
(918) 588-1314 (F)
**ATTORNEYS FOR DEFENDANT W.P. OIL & GAS, LLP , BLINKCO, INC., L&L WELL SERVICE, LLC, NAGASCO PIPELINE LOGISTICS, LLC and PETRON ENERGY, INC.**

Douglas M. Borochoff, OBA #13877
Kevin S. Hoskins, OBA #17064
601 South Boulder Avenue, Suite 500
Tulsa, Oklahoma 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504
dborochoff@tulsacounsel.com
khoskins@tulsacounsel.com
**ATTORNEYS FOR DEFENDANT STRONG**

                                          /s/ L. Mark Bonner
                                          L. Mark Bonner


ATTORNEYS LIEN CLAIMED

JURY TRIAL DEMANDED