UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Brent Blagg as Personal Representative of the Estate of Amy Blagg; Brent Blagg as guardian and next friend of K.B. and Personal Representative for the Estate of K.B.; and Brent Blagg as guardian and next friend of T.B., and Brent Blagg, Individually,<br><br>　　　　　　　Plaintiffs,<br><br>and<br><br>ANNA MARIE HOBBS, as surviving spouse and Personal Representative of the Estate of Alfred Eugene Hobbs; ANNA MARIE HOBBS in her Individual capacity; and, HAROLD TEDFORD,<br><br>　　　　　　　Consolidated Plaintiffs,<br><br>v.<br><br>Jerry Line, an individual and as Principal/ Employer; Charlie Davis Strong, Jr., an individual and agent/employee; WP Oil and Gas, LLP, as Principal/Employer; and Petron Energy, Inc., as Principal/Employer,<br><br>　　　　　　　Defendants and<br>　　　　　　　Consolidated Defendants. | Case No.: 09-CV-703-CVE-FHM<br>BASE FILE<br><br>Consolidated with:<br>Case No. 09-CV-708-TCK-FHM,<br>Case No. 11-CV-271-CVE-FHM,<br>Case No. 10-CV-502-GKF-FHM |

## DEFENDANTS WP OIL AND GAS, L.L.C. AND PETRON ENERGY, INC.'S COMBINED ANSWER TO ANNA MARIE HOBBS'S AMENDED COMPLAINT

Defendants WP Oil and Gas, L.L.C., an Oklahoma limited liability company ("WPO") and Petron Energy, Inc., a Texas corporation ("Petron" and collectively with WPO referred to as "Defendants") for their Answer to Anna Marie Hobbs's Amended Complaint filed January 23, 2012 [Docket #178], allege and state as follows:

1. Defendants deny each and every allegation contained in the Amended Complaint except those as may be hereinafter specifically admitted.

2. The allegations contained in ¶¶ 1 through 11 of the Amended Petition are admitted by Defendants to the extent, and only to the extent, that they are sufficient to invoke the jurisdiction and venue of this Court.

3. Paragraph 12 of the Amended Complaint does not require a response from these Defendants.

4. Paragraph 13 is admitted to the extent that Defendants through discovery in this case are aware that there was an automobile accident on Highway 169 in Nowata County on May 9, 2009 resulting in the injury and death of the Plaintiffs Anna Marie Hobbs and Alfred Eugene Hobbs, respectively. Defendants are without sufficient information or knowledge to either deny or admit the remainder of the allegations of the paragraph and therefore deny them and demand strict proof thereof.

5. Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in ¶¶ 14 and 15, and therefore, deny them and demand strict proof thereof..

6. With regard to the allegations contained in ¶16 of the Amended Complaint, Defendants are aware, and therefore admit, Jerry Line owned a 1955 black Chevrolet, which at the time of the accident was being driven by Defendant Strong without Jerry Line's permission to do so.

7. The conclusory allegations of ¶17 of the Amended Complaint are denied and strict proof demanded.

8. The allegations of ¶18 of the Amended Complaint are admitted only to the extent that Defendants are aware that Defendant Line owned a few vintage cars and not a fleet of classic cars as alleged. Further, Defendants are without sufficient information knowledge or belief to

either admit or deny the fact alleged that Defendant Line showed the cars at various car shows other than the 2009 Cherryvale Festival, and therefore deny the fact, and demand strict proof thereof.

9. On knowledge information and belief, Defendants state Defendant Line owned both a black and a white 1955 Chevrolet but Defendants are unaware and therefore deny the allegations of ¶19 of the Amended Complaint and demand strict proof that, "the 1955 Chevrolet Bel-Aire" was a car owned by Defendant Line.

10. The allegations of ¶20 of the Amended Complaint are denied and strict proof thereof required.

11. The allegations of ¶21 of the Amended Complaint do not require a response.

12. The allegations of ¶22 of the Amended Complaint are conclusions of law requiring no response.

13. Defendants are without sufficient information knowledge and belief to either admit or deny the allegations of ¶¶ 23 through 26 of the Amended Complaint and therefore deny them and demand strict proof thereof.

14. Paragraph 27 of the Amended Complaint requires no response.

15. Regarding ¶¶ 28 through 31 of the Amended Complaint, and based upon discovery, Defendants are aware that Defendant Strong was intoxicated at one time during the day of May 9, 2009, but Radke was below the legal limit for blood alcohol proving intoxication as found by an expert witness at the time Radke drove the car owned by Defendant Line. Defendant Line had bought food and beer for Strong and prohibited Strong from driving his car due to Strong's impairment by alcohol. Defendant Line entrusted the driving to Radke who was forcefully removed as driver by Defendant Strong sometime later that day and before the accident occurred.

The remainder of the allegations of ¶¶ 28 through 31 are denied and strict proof is demanded thereof.

16. Defendants lack sufficient knowledge or information with which to either admit or deny the mainly conclusory allegations of the Amended Complaint at ¶32, and therefore, deny them and demand strict proof thereof.

17. Defendants lack sufficient information and belief to either admit or deny the allegations of ¶33, and therefore, deny them and demand strict proof thereof.

18. Defendants do not have sufficient information or knowledge with which to form a belief as to the mental impressions of Defendant Line, and therefore, can neither admit nor deny the allegations of the Amended Complaint at ¶¶ 34 ands 35, and demand strict proof thereof.

19. The allegations of ¶¶ 36 through 40 of the Amended Complaint are statements of law requiring no response, but to the extent any factual allegations are made as a part thereof, they are denied and strict proof demanded.

20. Paragraph 41 of the Amended Complaint requires no response.

21. The allegations contained in ¶42 of the Amended Complaint are denied and strict proof thereof demanded.

22. All allegations of ¶¶ 43 through 45 inclusive are denied and strict proof thereof demanded.

23. Paragraph 46 of the Amended Complaint requires no response.

24. The allegations contained in ¶47 of the Amended Complaint are denied and strict proof thereof demanded.

25. Paragraph 48 of the Amended Complaint requires no response.

26. Defendant is without sufficient information and knowledge to either admit or deny the allegations of ¶49, and therefore denies them and demands strict proof thereof.

27. Defendants deny any factual allegations contained in paragraph 50 of the Amended Complaint, if any, but otherwise the allegations do not require a response.

28. Paragraph 51 of the Amended Complaint does not require an response, but Defendants deny entitlement or limitations or punitive damages under the law.

29. All allegations of the Amended Complaint as set forth in ¶52 are denied and strict proof thereof demanded.

30. To the extent denials of fact do not provide defenses, the Defendants allege the following affirmative defenses.

A. Plaintiffs have failed allege facts sufficient to constitute a claim for relief.

B. To the extent not covered by general denial, Defendants affirmatively deny agency or employment relationships of any other defendants as would create vicarious liability under principals of *respondeat superior*.

C. To the extent not covered by general denial, Defendants affirmatively deny any agent or employee was engaged in the scope of any agency or employment for Defendants as would create vicarious liability under principals of *respondeat superior*.

D. Defendants affirmatively allege Defendants Line and Strong or any other person involved in causing the accidental injuries of the Plaintiffs were independent contractors responsible for their own torts and for which the Defendants are not liable for the commission of torts against the Plaintiffs.

E. Defendant Line had revoked the authority for Defendant Strong to work as an employee or agent for himself or the Defendants prior to the time Defendant Strong caused the

accident, therefore exonerating the Defendants from direct or vicarious liability for acts, omissions or commissions of Strong in causing the accident.

F. If there was any existing employment or agency relationship between Strong and Defendants, then Defendant Strong departed from any employment or agency relationship when Defendant Line prohibited him from driving intoxicated. Thereafter, Strong forcefully took control over the vehicle he was prohibited from driving, thereby exonerating Defendants from direct tor vicarious liability for the accident he caused.

G. Injuries alleged by Plaintiff were caused by acts or instrumentalities over which Defendants had no control, by the sole negligence or fault of Defendant Strong or Plaintiff or Plaintiff's decedent, by instrumentalities over which Plaintiff or Plaintiff's decedent had control, or by the negligence or fault of others over whom Defendants had no control and for whom Defendants are not liable, or in the alternative, by the comparative negligence of the Defendant Strong, Plaintiff or Plaintiff's decedent or others, and the amount of Plaintiff's damages, if any, must be reduced by the percentage of such negligence.

H. Injuries and/or damages alleged by Plaintiff may have been proximately caused by supervening and/or intervening acts or circumstances.

I. Plaintiff and Plaintiff's decedent may have failed to mitigate damages.

J. Defendants WPO and Petron have complied with all applicable statues and ordinances.

K. Plaintiff's claim for exemplary damages is unwarranted, unsupported, is pled without any basis whatsoever and nevertheless violates Defendants' rights to procedural and substantive due process under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and corresponding provisions of the Oklahoma Constitution, as well as Defendants' constitutional right to equal protection of the laws.

WHEREFORE, having fully answered, Defendants WPO and Petron pray that Plaintiff take nothing by way of her Amended Complaint and that Defendants receive their costs, expenses, and attorney fees incurred in the defense of this action, together with all other relief the Court deems just and equitable.

Respectfully submitted,

**SNEED LANG HERROLD PC**

/s/ Jack N. Herrold
G. Steven Stidham, OBA #8633
Jack N. Herrold, OBA #4141
1700 Williams Center Tower I
One West Third Street
Tulsa, Oklahoma 74103-3522
Telephone: (918) 588-1313
Facsimile: (918) 588-1314

*Attorneys for Defendants WP Oil and Gas, L.L.P. and Petron Energy, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of January, 2012, a true and correct copy of the above and foregoing pleading was electronically transmitted to the following ECF registrants:

| | |
|---|---|
| Julia D. Allen, Esq. | juliadallen@yahoo.com |
| William P. Widell | williamwidell@cs.com |
| Michael Ross Green, Esq. | mike@7432500.com |
| Valerie Leigh Sparks, Esq. | mike@7432500.com |
| Brian Thomas Aspan, Esq. | btaspan44@yahoo.com |
| Emmanuel E. Edem, Esq. | eee@nemw.com |
| Lewis Mark Bonner, Esq. | lmb@nemw.com |
| Jed Wade Isbell, Esq. | jisbell@cwlaw.com |
| Robert Dale James, Esq. | rob.james@cwlaw.com |
| Timothy Terah Trump, Esq. | ttrump@cwlaw.com |
| Douglas M. Borochoff, Esq. | dborochoff@tulsacounsel.com |
| Kevin S. Hoskins, Esq. | khoskins@tulsacounsel.com |
| Adrienne N. Cash, Esq. | acash@tulsacounsel.com |
| Thomas Richard O'Carroll, Esq. | troc@cox.net |
| Kevin Dwain Buchanan, Esq. | kevinb@cableone.net |
| Curtis Wayne Kaiser | curtkaiser@swbell.net |
| Donald Lynn Babb | lbabb@piercecouch.com |

/s/ Jack N. Herrold
Jack N. Herrold