UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRENT BLAGG as personal representative for the Estate of Amy Blagg, BRENT BLAGG as guardian and next friend of K.B. and personal representative for the Estate of K.B., BRENT BLAGG as guardian and next friend of T.B.,** <br><br> Plaintiffs, <br><br> and <br><br> **ANNA MARIE HOBBS, as surviving spouse and personal representative of the Estate of Alfred Eugene Hobbs; ANNA MARIE HOBBS, in her individual capacity; and HAROLD TEDFORD,** <br><br> Consolidated Plaintiffs. <br><br> v. <br><br> **JERRY LINE, an individual and as principal/employer, and CHARLIE DAVIS STRONG, JR., an individual and agent/employee, WP OIL AND GAS, LLP, as principal/employer, and PETRON ENERGY, INC., as principal/employer,** <br><br> Defendants / Consolidated Defendants. | Case No. 09-CV-0703-CVE-FHM <br> **BASE FILE** <br><br> Consolidated with: <br> Case No. 09-CV-0708-CVE-FHM <br> (consolidated with 11-CV-0271-CVE-FHM) <br> and <br> Case No. 10-CV-0502-CVE-FHM |

## OPINION AND ORDER

Now before the Court is Plaintiffs' Blagg Application to Reopen Case for Status Conference re: Collateral Declaratory Action (Dkt. # 246). Plaintiffs Brent Blagg, Anna Marie Hobbs, and Harold Tedford filed separate cases alleging that defendant Charlie Davis Strong, Jr. was intoxicated and caused a traffic accident that resulted in three fatalities and other serious injuries. Plaintiffs Blagg and Hobbs further alleged that Strong was serving as an employee or agent of defendant

Petron Energy, Inc. (Petron) at the time of the accident. The cases were initially consolidated for discovery only, but the Court later consolidated the cases for all purposes. Dkt. # 168. While these cases were pending, Petron's liability insurer, Admiral Insurance Company (Admiral), filed a declaratory judgment action in the United States District Court for the Northern District of Texas seeking a declaration that it has no duty to defend or indemnify Petron against Blagg's and Hobbs' claims. After this Court denied defendants' motions for summary judgment, the parties reached a settlement as to many of the plaintiffs' claims. Plaintiffs dismissed with prejudice their claims against Strong, Jerry Line, and WP Oil and Gas, LLC. Dkt. # 225. Plaintiffs Blagg and Hobbs have not dismissed their claims against Petron, but they have agreed to share any amount paid by Admiral to Petron under the liability insurance policy. Dkt. # 196, at 2. The parties, including Petron, filed a joint motion requesting "a stay of this matter pending resolution of the declaratory judgment action." Dkt. # 194, at 1. On August 20, 2012, the Court administratively closed this case "until the conclusion of the declaratory judgment action in the Northern District of Texas," and the parties were directed to file a status report within 30 days of the "resolution of the declaratory judgment action . . . ." Dkt. # 226.

Blagg asks the Court to reopen this case and hold a status conference, because Admiral has stated in a filing in the declaratory judgment action that Petron has taken the "position that a ruling on Admiral's duty to indemnify would be premature before the resolution of the Oklahoma Litigation." Dkt. # 246, at 2. Based on Blagg's motion, there is no indication that the judge in the declaratory judgment action has made any ruling concerning whether that case should be stayed, and

Blagg has not shown that Petron's argument has actually delayed the declaratory judgment action.[1] In any event, under Texas and Oklahoma law it is appropriate for a court to hear a declaratory judgment action and determine whether the insurer has a duty to defend before the underlying litigation is resolved. English v. BGP Int'l, Inc., 174 S.W.3d 366 (Tex. App. 2005); United Specialty Ins. Co. v. Conner Roofing & Guttering, LLC, 2012 WL 208104, *5 (N.D. Okla. Jan. 24, 2012). In addition, Texas law allows a court to resolve a declaratory judgment action as to an insurer's duty to indemnify when "the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." Farmers Texas County Mut. Ins. Co. v. Griffin, 955 S.W.2d 81, 83 (Tex. 1997). Oklahoma courts are also permitted to hear a declaratory judgment action concerning insurance coverage and resolve the issue of indemnification before the underlying litigation is resolved. Equity Ins. Co. v. Garrett, 178 P.3d 201 (Okla. Civ. App. 2008). Of course, the presiding judge in the declaratory judgment action has the discretion to stay that case if it is appropriate, but the mere fact that Petron may be arguing the resolution of the indemnification issue is premature does not suggest that any action taken by this Court would expedite the resolution of the declaratory judgment action. The administrative closing order (Dkt. # 226) plainly states that this case is to remain administratively closed "until the conclusion of the declaratory judgment action," and Blagg has not shown good cause for reopening this case.

---

[1] If Petron has raised an argument that this case should be resolved before the declaratory judgment action, Petron would be asserting inconsistent arguments in different courts. Petron asked the Court to administratively close this case "pending resolution of the declaratory judgment action." Dkt. # 194, at 1. The Court relied on this representation when it entered an order administratively closing the case, and Petron may not change its position that the declaratory judgment action should be resolved before this case is reopened merely to obtain a perceived advantage in the declaratory judgment action.

**IT IS THEREFORE ORDERED** that Plaintiffs' Blagg Application to Reopen Case for Status Conference re: Collateral Declaratory Action (Dkt. # 246) is **denied**.

**DATED** this 27th day of March, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE