UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENT BLAGG as personal representative for the Estate of Amy Blagg, BRENT BLAGG as guardian and next friend of K.B. and personal representative for the Estate of K.B., BRENT BLAGG as guardian and next friend of T.B., <br><br>    Plaintiffs, <br><br>and <br><br>ANNA MARIE HOBBS, as surviving spouse and personal representative of the Estate of Alfred Eugene Hobbs; ANNA MARIE HOBBS, in her individual capacity; and HAROLD TEDFORD, <br><br>    Consolidated Plaintiffs. <br><br>v. <br><br>JERRY LINE, an individual and as principal/employer, and CHARLIE DAVIS STRONG, JR., an individual and agent/employee, WP OIL AND GAS, LLP, as principal/employer, and PETRON ENERGY, INC., as principal/employer, <br><br>    Defendants / <br>    Consolidated Defendants. | Case No. 09-CV-0703-CVE-FHM <br>BASE FILE <br><br>Consolidated with: <br>Case No. 09-CV-0708-CVE-FHM <br> (consolidated with 11-CV-0271-CVE-FHM) <br> and <br>Case No. 10-CV-0502-CVE-FHM |

## OPINION AND ORDER

Now before the Court is Plaintiffs' Motion to Reopen the Case Because of Ruling in Collateral Declaratory Judgment Action (Dkt. # 248). The Court administratively closed the case on August 20, 2012, and plaintiffs ask the Court to reopen the case following a ruling in a related declaratory judgment action. The sole remaining defendant, Petron Energy, Inc. (Petron) does not

object to the motion to reopen if the case is reopened "as soon as the time for post-judgment review" of the ruling in the declaratory judgment action has passed. Dkt. # 253.

Plaintiffs Brent Blagg, Anna Marie Hobbs, and Harold Tedford filed separate cases alleging that defendant Charlie Davis Strong, Jr. was intoxicated and caused a traffic accident that resulted in three fatalities and other serious injuries. Plaintiffs Blagg and Hobbs further alleged that Strong was serving as an employee or agent of Petron at the time of the accident. The cases were initially consolidated for discovery only, but the Court later consolidated the cases for all purposes. Dkt. # 168. After these cases were filed, Petron's liability insurer, Admiral Insurance Company (Admiral), filed a declaratory judgment action in the United States District Court for the Northern District of Texas (Texas Court) seeking a declaration that it has no duty to defend or indemnify Petron against Blagg's and Hobbs' claims. After this Court denied defendants' motions for summary judgment, the parties reached a settlement as to many of the plaintiffs' claims. Plaintiffs dismissed with prejudice their claims against Strong, Jerry Line, and WP Oil and Gas, LLC. Dkt. # 225. Plaintiffs Blagg and Hobbs have not dismissed their claims against Petron, but they have agreed to share any amount paid by Admiral under Petron's liability insurance policy. Dkt. # 196, at 2. The parties, including Petron, filed a joint motion requesting "a stay of this matter pending resolution of the declaratory judgment action." Dkt. # 194, at 1. On August 20, 2012, the Court administratively closed this case "until the conclusion of the declaratory judgment action in the Northern District of Texas," and the parties were directed to file a status report within 30 days of the "resolution of the declaratory judgment action . . . ." Dkt. # 226.

In the declaratory judgment action, Admiral filed a motion for summary judgment as to its duty to defend and indemnify Petron, and Petron filed a motion for partial summary judgment, inter

alia, seeking a ruling that Admiral is obligated to provide a defense for Petron against Blagg's and Hobbs' claims. The Texas Court issued a 32 page opinion and order denying Admiral's motion for summary judgment and granting Petron's motion as to Admiral's duty to defend. The Texas Court relied solely on the allegations of Blagg's and Hobbs' complaints and found that there were allegations that Strong was acting within the scope of his employment for Petron at the time of the automobile accident. Dkt. # 254-1, at 15. These allegations were sufficient to trigger Admiral's duty to provide a defense to Petron against Blagg's and Hobbs' claims because, under Texas law, an insurer is obligated to defend its insured against any claim that is potentially covered under an insurance policy. Id. at 19. However, the Texas Court found that a genuine dispute as to a material fact precluded summary judgment on the issue of indemnification:

> In the underlying suit, defendants' motions for summary judgment were denied. Defs.' App. 25. The Oklahoma court held that "[t]here is a genuine dispute of material fact as to whether Strong was an employee of Line, WP, and/or Petron on May 9, 2009 and, if Strong was an employee, whether he was acting within the scope of his employment at the time of the accident." Defs.' App. 20. Resolution of this issue is important to resolving Admiral's duty to indemnify. . . . Therefore, the duty to indemnify can only be resolved after the disposition of the Oklahoma Litigation. As a result, the Court denies this portion of Admiral's Motion.

Id. at 21. Admiral has filed a motion to alter or amend the summary judgment ruling, and Petron has filed a motion for reconsideration of certain aspects of the summary judgment ruling other than the duty to defend.[1] Admiral Insurance Company v. Petron Energy, Inc. and W.P. Oil & Gas, LLC,

---

[1] Although the parties have not provided copies of the motions filed in the Texas Court, the Texas Court's docket sheet and the pleadings are publicly available through the Texas Court's CM/ECF system. Under Fed. R. Evid. 201(b), the Court may take judicial notice of public records and this includes pleadings, docket sheets, and orders in this case and other related cases. Luis v. Argent Mortg. Co., LLC, 2013 WL 4483503 (N.D. Okla. Aug. 19, 2013); Marlin Oil Corp. v. Colorado Interstate Gas Co., 700 F. Supp. 1076, 1081 n.5 (W.D. Okla. 1988).

3

11-CV-2524-M, Dkt. ## 73, 74, 75 (N.D. Tex.). The Court has reviewed Admiral's motion to alter or amend judgment and it appears that Admiral would still be obligated to defend Petron as to certain claims in this case even if its motion is granted in its entirety.

Petron makes no objection to reopening the case after the time for "post-judgment review " of the summary judgment ruling has passed, but this suggests that Petron has an objection to immediately reopening the case. Dkt. # 253. Admiral has filed a motion to alter or amend judgment and Petron has filed a motion for reconsideration in the Texas Court, but neither of these motions ask the Texas Court to amend or vacate the summary judgment ruling in its entirety. Even if the motions were granted, it appears that Admiral would be required to provide a defense to Petron as to some of the claims pending in this case. The Texas Court has issued a thorough decision concerning Admiral's duty to defend Petron in this case, and the mere fact that Admiral has filed a motion to alter or amend judgment does not require this Court to delay these proceedings. See Roberts v. American Med. Sec., Inc., 2012 WL 5305096, *2 (N.D. Okla. Oct. 25, 2012) (reconsideration of a summary judgment order "is designed to permit relief in extraordinary circumstances" only). This Court has already administratively closed the case pending a ruling in the declaratory judgment action, and the Texas Court has issued a ruling to the extent possible. Any further delay in this case would deprive the plaintiffs in this case and the parties in the declaratory judgment action of a final resolution, and the Court will not condition reopening the case on the Texas Court's ruling on Admiral's motion to alter or amend judgment.

The Court has reviewed plaintiffs' motion to reopen this case, the Texas Court's summary judgment ruling, and the motions pending in the Texas Court, and the Court finds that plaintiffs have shown good cause to reopen this case immediately. This case had been administratively closed for

over a year while the parties waited for a ruling in the declaratory judgment action, and the Texas Court has issued its decision. The Texas Court did not resolve the issue of indemnification between Admiral and Petron, because Admiral's duty to indemnify depends on a factual issue that has not been resolved in this case. To advance this case and the declaratory judgment action, it is necessary for this Court to reopen the proceedings and to expeditiously resolve the issue of Strong's employment status at the time of the accident.[2]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Reopen the Case Because of Ruling in Collateral Declaratory Judgment Action (Dkt. # 248) is **granted**, and the Court Clerk is directed to reopen this case.

**IT IS FURTHER ORDERED** that the parties shall submit a proposed scheduling order with all deadlines related to trial preparation, including the motion in limine cutoff, no later than **December 19, 2013**. The parties are advised that there will be no additional discovery, amendments to the pleadings, or motions for summary judgment.

**DATED** this 5th day of December, 2013.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2]   The Court has already determined that this issue cannot be resolved on a motion for summary judgment, and the issue must be submitted to a jury. See Dkt. # 187, at 9-14.

5