UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRENT BLAGG** as personal representative for the Estate of Amy Blagg, **BRENT BLAGG** as guardian and next friend of K.B. and personal representative for the Estate of K.B., **BRENT BLAGG** as guardian and next friend of T.B., <br><br>                    Plaintiffs, <br><br>and <br><br>**ANNA MARIE HOBBS**, as surviving spouse and personal representative of the Estate of Alfred Eugene Hobbs; **ANNA MARIE HOBBS**, in her individual capacity; and **HAROLD TEDFORD**, <br><br>                    Consolidated Plaintiffs. <br>v. <br><br>**JERRY LINE**, an individual and as principal/employer, and **CHARLIE DAVIS STRONG, JR.**, an individual and agent/employee, **WP OIL AND GAS, LLP**, as principal/employer, and **PETRON ENERGY, INC.**, as principal/employer, <br><br>                    Defendants / <br>                    Consolidated Defendants. | Case No. 09-CV-0703-CVE-FHM<br>**BASE FILE**<br><br>Consolidated with:<br>Case No. 09-CV-0708-CVE-FHM<br>   (consolidated with 11-CV-0271-CVE-FHM)<br>   and<br>Case No. 10-CV-0502-CVE-FHM |

## OPINION AND ORDER

Now before the Court is Defendant Petron Energy, Inc.'s Motion to Reconsider (Dkt. # 264). Defendant Petron Energy, Inc. (Petron) asks the Court to reconsider its order (Dkt. # 260) setting this matter for trial in April 2014 without allowing additional discovery. Plaintiffs respond that

Petron has not stated any ground for reconsideration of the Court's order and that Petron has not shown that additional discovery is necessary.[1]

Plaintiffs Brent Blagg, Anna Marie Hobbs, and Harold Tedford filed separate cases alleging that defendant Charlie Davis Strong, Jr. was intoxicated and caused a traffic accident that resulted in three fatalities and other serious injuries. Plaintiffs Blagg and Hobbs further alleged that Strong was acting as an employee or agent of Petron at the time of the accident. Plaintiffs settled their claims against certain defendants, but plaintiffs Blagg and Hobbs did not reach a settlement with Petron. The Court stayed this case pending a ruling in a related declaratory judgment action filed in the United States District Court for the Northern District of Texas (Texas Court) to determine whether Petron's liability insurer, Admiral Insurance Company (Admiral), is obligated to defend and indemnify Petron against plaintiffs' claims. The Texas Court found that Admiral is obligated to defend Petron against plaintiffs' claims, but the Texas Court determined that the issue of indemnification could not be decided until this Court resolved whether Strong was acting in his capacity as an employee of Petron at the time of the accident.

Plaintiffs asked the Court to reopen this case, but Petron requested that the Court delay reopening the case until the time for "post-judgment review" of the Texas' Court's ruling had passed. Dkt. # 253. The Court found that this case should be reopened to "expeditiously resolve the issue of Strong's employment status at the time of the accident." Dkt. # 255, at 5. The parties were directed to jointly submit a proposed scheduling order, and they were advised that "there will be no additional discovery, amendments to the pleadings, or motions for summary judgment." Id. Petron filed a motion requesting six months of additional discovery in light of its discovery of a

---

[1] Petron's deadline to file a reply was February 27, 2014, and no reply was filed.

letter written by Strong in which he claims to have lied about one fact in his deposition. Strong claims that in his deposition that he denied hitting another occupant of the vehicle before the accident, but he was actually "beatin [sic] [Brent Alan Radke] . . . on the way home. . . ." Dkt. # 258-1, at 1. Based only on this fact, Petron requested six months of discovery but, in its three page motion, it failed to specify what discovery it intended to conduct. The Court denied Petron's request for additional discovery and set the case for trial in April 2014. Dkt. # 260.

The Court treats Petron's motion to reconsider under Fed. R. Civ. P. 54(b), as the underlying order (Dkt. # 260) is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). Petron's motion does not address the appropriate standard of review for a motion to reconsider, but Petron's motion implies that the Court should reconsider its order under a de novo standard. The Court may, however, call into play the legal standards applicable to a Rule 59(e) motion to alter or amend judgment. See, e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). The Court will exercise its discretion to review Petron's motion under the standards applicable to Rule 59(e) motions. A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See Servants, 204 F.3d at 1009; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration is "not available to allow a party to reargue an issue

previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

Petron argues that Strong will be a critical witness at trial and his letter calls his credibility into question, and Petron should be permitted to conduct additional discovery in light of Strong's admission that he lied about one fact in his deposition.[2] Dkt. # 264, at 8. Should Petron wish to take another deposition of Strong (which seems reasonable), the proper course for Petron is to file a motion to take a deposition of Strong after the close of discovery, but this single deposition would not justify reopening all discovery for six additional months. Petron fails to identify any other discovery that would be necessary in light of Strong's letter. Petron also argues that the parties in the declaratory judgment action have filed motions to reconsider the Texas Court's ruling requiring Admiral to provide a defense to Petron in this case, and the Texas Court could find that Admiral has no duty to defend. Id. at 5. However, the Texas Court issued a thorough opinion and order considering the parties' arguments on this issue, and the Texas Court's decision was a final, non-conditional ruling as to the duty to defend. The mere fact that Admiral has filed a motion to

---

[2]  Petron's motion addresses numerous arguments raised in plaintiffs' response (Dkt. # 259) to Petron's motion (Dkt. # 258) for a scheduling order allowing additional discovery, and Petron states that it was "tempted simply to ignore the irrelevancies that dominate the Response." The Court agrees that plaintiffs' response raises many arguments that were irrelevant to the issue raised in Petron's motion (Dkt. # 258). However, most of Petron's motion to reconsider (Dkt. # 264) is devoted to rebutting these irrelevant arguments and most of the motion has little or nothing to do with the Court's prior order (Dkt. # 260). In this Opinion and Order, the Court will consider only arguments relating to whether the Court should reconsider its decision to set this matter for trial in April 2014 without allowing additional discovery.

reconsider does not detract from the finality of that opinion and order as to the duty to defend. The Court also notes that this case was filed in October 2009 and plaintiffs have been waiting for trial for over four years, and the matter should proceed to trial regardless of who is paying Petron's legal fees.

**IT IS THEREFORE ORDERED** that Defendant Petron Energy, Inc.'s Motion to Reconsider (Dkt. # 264) is **denied**.

**IT IS FURTHER ORDERED** that this matter will be set for a settlement conference in March 2014.

**DATED** this 28th day of February, 2014.

/s/ Claire V. Eagan
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE